Margaret **KOPPES**, Michael **Sonnleitner, James William Price, Donald Carver, Robert Ellis, Nancy C. Hemesath, Philip Rieman, Barbara Ann Kildea, and Donald Zmolek, Appellants,**

v.

**CITY OF WATERLOO, Appellee.**

No. 88–367.

Supreme Court of Iowa.

Sept. 20, 1989.

Jerry Zimmermann, Cedar Rapids, and Jon M. Kinnamon, Cedar Rapids, for appellants.

Timothy J. Luce, Asst. City Atty., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

The issue in this appeal is whether arrest information stored in Waterloo's police computer must be expunged under Iowa Code section 692.17 (1987) on the defendants' acquittal of the criminal charges. The district court held that the city was not subject to section 692.17, and we agree.

Margaret Koppes and eight others (collectively referred to as Koppes) were arrested and tried for criminal trespass. After all nine were acquitted, they asked that their arrest records be expunged under Iowa Code section 692.17. The city refused and this injunction action followed.

Arrest data is specifically made a public record by Iowa Code section 22.7(9); however, section 692.17 provides:

Criminal history data in a computer data storage system shall not include arrest or disposition data after the person has been acquitted or the charges dismissed.

At first blush it appears that this section mandates expungement of Koppes' arrest record. In a broad sense, information about the arrest is "criminal history data"; the data was stored in a computer, and Koppes was acquitted on the charges. The problem is that, under the scheme of chapter 692, not all agencies and criminal information are covered by its expungement provision. Koppes agrees, conceding that, if her arrest record had been kept manually as opposed to being stored in the computer, it would not be required to be expunged.

Section 692.17 is restricted in its scope because of its narrow definition of "criminal history data," which is defined as:

any or all of the following information [including arrest data] maintained by the *department* or *bureau* in a manual or automated data storage system....

Iowa Code § 692.1(3) (emphasis added). The "department" and "bureau" are defined, respectively, as the department of public safety, Iowa Code § 692.1(1), and the department's division of criminal investigation and bureau of identification, Iowa Code § 692.1(2).

While cities are included in the definition of "criminal justice agencies" under section 692.1(10), there is no requirement that such agencies expunge arrest data. It is clear from the face of the statute that information maintained by a criminal justice agency such as a city is not criminal history data within the meaning of the act because it is not maintained by the "department" or "bureau." Iowa Code § 692.1(3). As it has been stated, the arrest record statute

does not purport to solve the entire arrest record problem, [but] it does seek to resolve a major aspect of the issue by controlling the dissemination of *centrally* collected informational data and establishing standards for the security, confidentiality, and reliability of that information.

Note, *The Dissemination of Arrest Data and the Iowa TRACIS Bill,* 59 Iowa L.Rev. 1162, 1170 (1974).

Koppes points to the fact that a criminal justice agency such as the Waterloo police department, which has entered into an agreement to access information from the department, must be subjected to the same restrictions as the department whose rules provide:

Any agency which may be authorized direct access to criminal history files shall make application to the department. Before authorization is granted, the administrator of the criminal justice agency making the application to operate a terminal shall enter into a written agree-

ment with the department of public safety agreeing to abide by all rules, policies, and procedures necessary for system security and discipline. The agreement shall reserve to the department of public safety the right to terminate furnishing criminal history information to the applicant agency if abuses are discovered concerning either the security or dissemination requirements of criminal history data.

661 Admin.Code 8.100(7).

This rule requires an agency to abide by all rules and procedures necessary for system security and discipline, but it does not provide that the agency will be subject to all of the statutes and rules governing the department. The thrust of this rule, moreover, is to preserve the security of the information obtained from the department; it does not concern the rights of individuals to expungement or protection of privacy. In this case, it should be noted that the arrest information was not obtained from the department or bureau but was generated in the Waterloo computer.

We agree with the district court that Koppes is not entitled under section 692.17 to the expungement of her arrest record. Accordingly, we affirm.

AFFIRMED.